On Motions for Rehearing

POLEN, J.
Appellee, the State of Florida, and Appellant, Courtney Brown, have both filed motions for rehearing. On July 1, 2009, this court issued an opinion ordering the trial court to recalculate Brown’s sentencing scoresheet with the victim injury points eliminated and to resentence Brown accordingly. See Brown v. State, No. 4D07-4013, 2009 WL 1872339 (Fla. 4th DCA 2009).
The State argues that the victim injury points should not be eliminated and that this court may have overlooked the fact that the trial court could still assess some victim injury points for degrees of victim injury other than death. Additionally, the state seeks a rehearing regarding the court’s conclusion that Brown could not be assessed 120 points for the victim’s death because he was acquitted of the manslaughter charge.
Brown, pro se, argues that this court’s decision is not in accordance with the decisions of Thomas v. State, 885 So.2d 968 (Fla. 4th DCA 2004), Willis v. State, 669 So.2d 1090 (Fla. 3d DCA 1996), nor Fed. R.Evid. 403.
After careful review of both motions, we deny Brown’s motion for rehearing and grant the State’s motion for rehearing in part. We substitute the last sentence in our opinion with the following:
But we remand this case with an instruction for the trial court to recalculate Brown’s scoresheet and to resen-tence him accordingly.
STEVENSON and DAMOORGIAN, JJ., concur.